```
                  UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 7
TIMOTHY J. RUEBEL,              )
PEGGY R. RUEBEL,                )
                                )    Bankruptcy No. 09-01830
     Debtors.                   )
                                )
_____)
CITIZENS STATE BANK,            )
                                )    Adversary No. 09-09137
     Plaintiff,                 )
                                )
vs.                             )
                                )
TIMOTHY J. RUEBEL,              )
PEGGY R. RUEBEL,                )
                                )
     Defendants.                )
```

### ORDER RE: MOTION TO DISMISS

This matter came before the undersigned on February 12, 2010 for telephonic hearing on Motion to Dismiss or Alternative Motion for More Specific Statement. Attorney Jerrold Wanek appeared for Debtors/Defendants Timothy and Peggy Ruebel. Attorney James Kramer appeared for Plaintiff Citizens State Bank. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

Debtors seek to dismiss the complaint or, alternatively, request a more specific statement regarding the second, third and fourth counts of the Bank's Complaint. They assert the complaint is too vague regarding fraud, missing collateral and misrepresentations. The Bank resists, asserting it has sufficiently alleged its claims for conversion, fraud and constructive trust. It states more specifics regarding these claims will be available after Debtors are deposed.

### CONCLUSIONS OF LAW

Bankruptcy Rules 7008 and 7009 adopt Federal Civil Procedure Rules 8 and 9. Rule 8 requires a "short and plain statement" that gives the recipient notice of the action. An adversary complaint alleging fraud must state with particularity the

circumstances constituting fraud to comply with the more rigid standard of pleading required under Rule 9(b). In re Dawson, 264 B.R. 13, 16 (Bankr. N.D. Iowa 2001). To satisfy this requirement, a fraud complaint must allege

> such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. In other words, the complaint must plead the "who, what, where, when, and how" of the alleged fraud.

Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) (citations omitted). In contrast, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The Bank raises claims of 1) conversion under § 523(a)(6), 2) actual fraud or misrepresentation under § 523(a)(2)(A), and 3) constructive trust. Courts have found the requirement of particularity in Rule 9(b) applies to complaints alleging actual fraud under § 523(a)(2)(A). In re Glunk, 343 B.R. 754, 757 (Bankr. E.D. Pa. 2006); In re Burrow, 131 B.R. 113, 114 (Bankr. E.D. Ark. 1991). Willful and malicious injury through conversion of collateral under § 523(a)(6), however, can fall under the less stringent standard for malice, intent and knowledge which may be alleged generally. In re Reitz, 134 B.R. 131, 133 (Bankr. D. Del. 1991). A constructive trust may be based on circumstances other than fraud. See In re Estate of Thomann, 649 N.W.2d 1, 8 (Iowa 2002) (noting a constructive trust is an equitable remedy and may be imposed "because the person holding title to the property would profit by a wrong or would be unjustly enriched if . . . permitted to keep the property.").

**ANALYSIS**

Having reviewed the Complaint and the parties' arguments, the Court concludes that dismissal is not appropriate at this time. Rather, the Bank should amend the original Complaint to comply with the requirements of Rule 9(b). To the extent the Bank is basing its claims on alleged fraud by Debtors, the complaint must set out the circumstances of the fraud with particularity. This requirement applies, at least, to the count titled: "Actual Fraud – Misrepresentation, 11 U.S.C. § 523(a)(2)(A)." If the count titled "Claim for Constructive Trust" is based on fraud, the Bank must also amend it to set out the "who, what, when, where and how" of the underlying fraud. Since amendment of the Complaint is necessary under this Order,

2

the Court also directs the Bank to number the separate Counts for easy reference.

### PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT

Not long before the hearing on Debtors' Motion to Dismiss, the Bank filed an amendment to the Complaint. Counsel for Debtors indicated at the hearing that Debtors intend to file objections to the amendment. In order to facilitate the progress of this case, the Court will set the Amendment for hearing with a deadline for Debtors to file their objections.

**WHEREFORE**, Debtors' Motion to Dismiss is DENIED.

**FURTHER**, Debtors' alternative Motion for More Specific Statement is GRANTED. The Bank is directed to amend the original complaint to comply with the foregoing on or before March 2, 2010.

**FURTHER**, hearing shall be held on Plaintiff's First Amendment to Complaint by telephone on:

### March 5, 2010 at 10:00 a.m.

ATTORNEY FOR DEFENDANTS, JERROLD WANEK, IS TO INITIATE THE TELEPHONE CALL. Parties should be ready and available to accept said call. The telephone number for Judge Paul J. Kilburg chambers is 319-286-2230.

NOTE: THIS HEARING WILL BE DIGITALLY RECORDED.

**FURTHER**, Debtors shall file their Objections to Plaintiff's First Amendment to Complaint on or before February 27, 2010.

DATED AND ENTERED: February 17, 2010

_/s/ Paul J. Kilburg_
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

3